IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 03-217 |
| | ) | <u>See</u> Civil Action No. 08-640 |
| LAWRENCE DENNI JONES, JR., | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

<u>MEMORANDUM OPINION</u>

BLOCH, District J.

On May 12, 2008, Petitioner filed a <u>pro se</u> Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 (Doc. No. 240). Upon consideration of this motion, and upon further consideration of the Government's response thereto (Doc. No. 247) and Petitioner's reply (Doc. No. 248), the Court denies Petitioner's motion as set forth below.

## I. **Background**

On May 19, 2005, Petitioner was found guilty by a jury of one count of conspiracy to distribute and possess with the intent to distribute marijuana, in violation of Title 21, United States Code, Section 846 and one count of possession with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). On September 1, 2005, Petitioner was sentenced to a term of imprisonment of 121 months at each count, to be served concurrently. Petitioner filed a direct appeal. On July

1

16, 2007, the Third Circuit affirmed his conviction and sentence. See United States v. Jones, 238 Fed.Appx. 818, 2007 WL 2030270 (3d Cir. Jul. 17, 2007) (attached as Exhibit C to Government's response (Doc. No. 247)).

On May 12, 2008, Petitioner, acting pro se, filed the present motion. The Court will address the claim raised in this motion below.[1]

## II. Discussion

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Department of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

---

[1] On May 14, 2008, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to how he wished to proceed in this case, specifically, whether he wished to have his motion ruled upon as filed and lose the ability to file successive petitions absent Third Circuit certification, or whether he wished to withdraw the motion and file one all-inclusive Section 2255 petition within the one-year statutory period of the AEDPA. (Doc. No. 241). Having received no instructions from Petitioner, the Court will now dispose of Petitioner's motion.

28 U.S.C. § 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. As discussed below, the record in this case demonstrates that Petitioner is not entitled to relief under Section 2255, and therefore, no evidentiary hearing is necessary.

In his motion, Petitioner argues that in arriving at his offense level pursuant to the Sentencing Guidelines, this Court incorrectly calculated the amount of marijuana attributable to him.[2]

---

[2] For the first time in his reply (Doc. 248) to the Government's Response, Petitioner bases his argument on "the ineffectiveness of [his] appointed appellate counsel." A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). However, Petitioner does not identify how his counsel's performance was deficient or how it was prejudicial to his defense. See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988) (dismissing allegations too vague to warrant further investigation). As noted herein, Petitioner focuses on this Court's calculation of the drug quantity for which he was responsible, an issue his counsel fully and competently briefed on direct appeal. See Appellant's
(continued...)

3

For the reasons that follow, this Court rejects Petitioner's contention.

After the jury found Petitioner guilty, this Court found that he was responsible for more than 1,100 kilograms of marijuana. (Doc. No. 161). The Court used this quantity in its calculation of Petitioner's base offense level under the Sentencing Guidelines. After his sentencing, Petitioner took a direct appeal to the Third Circuit and challenged this Court's finding that he was responsible for more than 1,000 but less than 3,000 kilograms of marijuana, the very issue he raises in this motion. (Doc. No. 247, Exhibit A at pp. 19-22). In an unpublished decision, the Third Circuit held that this Court's finding was "based upon evidence presented at trial" and affirmed the conviction and sentence. United States v. Jones, 238 Fed.Appx. 818, 2007 WL 2030270 at *2-3 (3d Cir. Jul. 17, 2007).

Petitioner is not permitted to relitigate issues that were addressed on direct appeal except under limited circumstances that are not asserted here. United States v. Palumbo, 608 F.2d 529, 532-33 (3d Cir. 1979). Therefore, because Petitioner has already received the benefit of federal judicial review of his claim, his motion is without merit.

---

²(...continued)
Brief, which that Government attached as Exhibit A to its response (Doc. No. 247).

### III.     Conclusion

Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under 28 U.S.C. § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.

*[signature]*
United States District Judge
(For Judge Alan N. Bloch)

Dated:    February 23, 2009

ecf:      Counsel of record

cc:       Lawrence Denni Jones, Jr.
          #58898-066
          FCI Elkton
          P.O. Box 10
          Lisbon, OH 44432

5